NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0696n.06

No. 17-1422

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Dec 19, 2017

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JEFFREY MONTREAL CURRY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| PAUL KLEE, Warden, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

Before: SILER, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge. Jeffrey Curry appeals the district court's denial of his petition for a writ of habeas corpus, arguing that the state courts violated his Fifth Amendment rights when they admitted his confession at trial. We reject his arguments and affirm.

Curry shot Dedrick Jackson at the house of their mutual friend, Christopher Ray. According to Curry, he stayed up the rest of the night drinking and getting high on cocaine and other drugs. The police arrested Curry later that day—but only after a chase, which ended when a squad car struck Curry as he ran through a parking lot. That left Curry with a scratch on his cheek and bruises on his back, arm, and leg. An officer took Curry to the police station, where (according to Curry) he asked the officer to take him to the hospital. Curry says the officer refused.

Detective Robert Ruth then arrived to interview Curry. The two spoke for a few minutes, during which time Ruth asked Curry about an old scar on his stomach. Curry said that Jackson had given him the scar. Curry added that he had gone to Ray's house without knowing that Jackson was there and that Jackson "came outside and put a gun to [Curry's] stomach and [Curry] took it." Ruth then asked, "you shot in self defense is what you're saying?" Curry responded, "I guess so."

Another detective then joined the interview. Curry asked the two detectives if he could go to the hospital; they said they would take him when they "got done here." Ruth then read Curry his *Miranda* rights, which he waived. *See Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966). Curry thereafter described how he shot Jackson in self-defense. After the interview, the police took Curry to the hospital, where doctors examined him and found that he had no major injuries.

Before trial in state court, Curry moved to suppress his confession, arguing it was involuntary because the officers had refused to take him to the hospital first. The court denied Curry's motion, and a jury later found him guilty of second-degree murder and other related crimes. The court sentenced him to 25-50 years' imprisonment. Curry appealed the suppression issue to the Michigan Supreme Court, which remanded for factual findings. The trial court thereafter conducted an evidentiary hearing and determined that Curry's waiver and confession were voluntary. The Michigan Court of Appeals affirmed, and the state supreme court denied review.

Curry thereafter filed a petition for federal habeas relief, again raising the suppression issue. The district court denied the petition. We review that decision de novo. *See Wheeler v. Simpson*, 852 F.3d 509, 514 (6th Cir. 2017).

To obtain habeas relief, Curry must show that the state courts' decision was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). An application of established precedent is unreasonable if no "fairminded jurists" could agree with the state court's decision. *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Curry claims that his *Miranda* waiver and confession were involuntary and thus violated the Fifth Amendment. Coercive police conduct "is a necessary predicate" to establishing that claim. *Colorado v. Connelly*, 479 U.S. 157, 167, 169-70 (1986). Curry argues that the detectives coerced him when they refused to take him to the hospital until he first explained why he had shot Jackson. After the evidentiary hearing, however, the trial court specifically found that Curry's injuries were not serious and that the detectives had not withheld medical care to force him to talk. We presume those findings correct absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1). There is no such evidence here: the detectives testified (credibly, in the trial court's view) that they told Curry he could stop talking to them whenever he wanted. And once Curry got to the hospital, his treaters found that he had no major injuries. The record thus supports the trial court's findings.

Curry also argues that his waiver and confession were involuntary because he was drunk, high on cocaine, and sleep-deprived when he gave them. But Curry cites no Supreme Court precedent that would have made clear to the state courts that these circumstances rendered his statements involuntary. And as a factual matter the trial court found that Curry was alert during the interview and not drunk or high. So this argument fails.

Curry next argues that his confession should have been excluded because the detectives did not read him his *Miranda* rights until after the interrogation had begun. As an initial matter, the state agrees that the trial court should not have admitted the statements that Curry made

before he received his *Miranda* warnings. The parties dispute, however, whether that error warrants relief and whether Curry's post-warning statements were properly admitted. We address first whether Curry's post-warning statements were properly admitted, because, if they were, then his pre-warning statements were cumulative and thus less prejudicial.

Curry contends that his post-warning statements—namely his admission that he shot Jackson "in self defense"—were involuntary because he had already said the same thing before he received his *Miranda* warnings. The usual rule in these circumstances is that the defendant's post-warning statements are admissible so long as the defendant was not coerced before or after he received the warnings. *See Oregon v. Elstad*, 470 U.S. 298, 307, 318 (1985). But Curry says that his post-warning statements were inadmissible because his interrogation was continuous, without any break between his pre-warning statements and his post-warning ones. For support, Curry cites the Court's plurality opinion in *Missouri v. Seibert*, 542 U.S. 600, 615 (2004). But we have already held that *Seibert* did not create a binding rule for purposes of habeas review. *See United States v. Ray*, 803 F.3d 244, 272 (6th Cir. 2015). We therefore lack authority to hold that the state court unreasonably admitted Curry's post-warning statements at trial. And that means the court's admission of his pre-warning statements was largely cumulative and thus not a basis for habeas relief. *See Ruelas v. Wolfenbarger*, 580 F.3d 403, 413 (6th Cir. 2009).

The district court's judgment is affirmed.